IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS2004-R1<br><br>    Plaintiff<br><br>    v.<br><br>RITA SALELLAS-JOVET<br><br>    Defendant | CIVIL NO. 07-1249 (JP)<br><br>FORECLOSURE OF MORTGAGE |

## JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon the defendant for failure to answer or otherwise plead in this case, against which defendant the plaintiff is entitled to a Judgment by Default, and the Court being fully advised of the facts, hereby

ORDERS, ADJUDGES, AND DECREES:

1. The mortgage constituted by defendant Rita Salellas-Jovet by deed number 8, before Notary Public Pedro J. Díaz-García, at Guaynabo, Puerto Rico, on January 8, 2001 securing mortgage note payable to the order of Pan American Financial Corporation further negotiated or endorsed to the order of the plaintiff, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendant in the above cause, on the mortgaged premises,

CIVIL NO. 07-1249 (JP)            -2-

as described in paragraph seventh of the complaint in the above cause, to wit:

> URBANA: Solar marcado con el número OCHOSIENTOS CINCUENTA Y SEIS (856) del bloque "LC-50" (LC-50-856) de la Urbanización la Alameda, en el Plano de Inscripción de la Urbanización la Cumbre, radicada en el Barrio Monacillos de Río Piedras del término municipal San Juan, Puerto Rico, con un area superficial de 420.23 metros cuadrados. En lindes: por el norte, en 14.95 con el Solar #59 del bloque LC-50; por el sur, en 15.09 metros, con la Calle Marginal; por el este, en 27.64 metros, con el Solar #855 del bloque LC-50, y por el oeste, en 28.01 metros con el Solar 857 del bloque LC-50.
>
> Inscrita al Folio 61 del Tomo 122 de Monacillos y El Cinco. Registro de la Propiedad de Puerto Rico, Sección Quinta de San Juan. Finca número 3,781.

2. On May 29, 2004 Countrywide Home Loans, Inc. and Rita Salellas-Jovet made a Loan Modification Agreement ("the Agreement") stating that Salellas owed Countrywide Home Loans, Inc. The principal sum of $208,460.39.

3. Salellas, as debtor under said note and as present owner of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay unto the plaintiff the sum of $215,437.51 of principal of said mortgage note, plus interest at the rate of 8% per year, which by May 31, 2007 the sum was $11,108.52 to its total and complete payment, plus costs, charges, disbursements and attorneys' fees in the amount of $16,886.70 in the above cause, plus all expenses and advances made by the plaintiff.

4. In default of payment of the sums herein before specified or of any part thereof, within the next ten days from the date of entry of this judgment, the mortgaged property described above shall

CIVIL NO. 07-1249 (JP)           -3-

be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

   5.   SPECIAL MASTER is hereby designated and appointed to make the sale hereinbefore mentioned, but said SPECIAL MASTER shall not proceed to carry out the sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by the Court.

   6.   The sale to be made by the SPECIAL MASTER shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this action $168,667.00.

      Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

      a) To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the SPECIAL MASTER appointed herein, after said compensation and expenses have been fixed and approved by this Court, all said expenses to be deducted from the sum of $16,886.70, provided in the deed of mortgage for costs, charges, and disbursements, expenses and attorneys' fees;

      b) To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $16,886.70;

CIVIL NO. 07-1249 (JP)          -4-

c) To the payments of that part of the indebtedness owed to the plaintiff up to the amount of $215,437.51 of principal with interest until the date of full payment at the rate of 8% per year to its total and complete payment, plus costs, charges, disbursements, expenses and attorneys' fees due in the above cause after deduction of the expenses mentioned in the preceding subparagraph (a);

d) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

7.   The plaintiff in this proceeding may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of July, 2007.

                                        s/Jaime Pieras, Jr.
                                        JAIME PIERAS, JR.
                                U.S. SENIOR DISTRICT JUDGE